17 - 1272

IN THE DISTRICT COURT OF THE UNITED STATES IN AND FOR

DELAWARE

Russell E. (Scott) Walker,

       Plaintiff

SEP - 6 2017

       Vs.

State of Delaware and State of Delaware employees, individually and acting in all of their capacities: Matthew F. Linter, Regina S. Schoenberg, Matt Denn; Sherry Menchaca; Legal Services Corp. and employees individually and all other capacities: Doug Canfield, Jillian Pratt, Charles Molson; Gannett Corporation AKA News Journal Cos.,

       Defendants.

## THE PARTIES

Plaintiff Russell E. (Scott) Walker lives at 9244 Shore Drive, Milford DE 19963

Defendant Sherry Menchaca is employed by the State of Delaware and lives at 4 Lloyd Circle, Wilmington, Delaware 19810, and may be served at that residence.

Defendants State of Delaware, Linter, Schoenberg and Denn who are State employees, may be served at 820 N. French St., 3rd Floor, Wilmington, DE 19801

Defendant Rosamaria Tassone – DiNardo may be served at 900 N. French St., 9th Floor, Wilm., DE 19801 as well as City of Wilmington.

Defendant New Castle County may be served at 87 Reads Way, New Castle DE 19720.

Defendant Legal Services Corp. and Legal Services Corp. Defendants may be served at 100 West 10th St. Wilm. DE 19801.

Defendant Gannett Corp. AKA News Journal Cos. May be served at Basin Rd. New Castle DE 19720.

## THIS ACTION

All of the Defendants knowingly and actively participated in a scheme to deny housing to protected minorities in Delaware during the period 2015 to 2017 and harmed the Plaintiff while doing it.

All of the defendants knew or should have known that the Plaintiff was – at the time of their illegal acts – one of Delaware's most active plaintiffs of fair housing lawsuits.

When he ran for Congress in 2016, his chief platform plank – published on the front page of one of the Defendant's own statewide-leading newspaper – was none other than housing discrimination of protected minorities perpetrated by public officials and complicit non-public persons and organizations.

These acts described below were taken by the Defendants to silence the Plaintiff's fair housing advocacy and physically remove him from participating in the provision of fair housing in Delaware. Intimidation; threats to his person and family and slander/libel were the tools the Defendants used to effect their purpose.

In the October 2016 lawsuit filed against him, the government Defendants mistakenly accused the Plaintiff of fraud because they contemplated that he allegedly misled potential tenants of alleged sub-standard conditions in his rental properties – the ostensible basis for a fraud.

The Defendants still are confused as to who had possession of those properties, as the cause of the alleged substandard conditions – if they ever existed – were the tenants of those properties, who had possession of them and not the Plaintiff, who did not occupy or live in the subject properties.

The Plaintiff's tenants controlled the Plaintiff's properties according to terms of their leases, not the Plaintiff. The Defendants neglected to properly investigate this fact, or they ignored it and prosecuted the Plaintiff anyway.

The Defendants also mistakenly accused the Plaintiff of fraud by conflating the extending of credit to persons with extremely low credit scores as somehow being consumer fraud. But fraud does not exist if there has been no exchange of value.

The Defendants apparently were confused about the definition of fraud, even though they enforced consumer fraud statutes. Gifting one is not defrauding one. The two words are opposite.

The Defendants nevertheless settled their claim with the Plaintiff without the Plaintiff admitting to consumer fraud or any other of the Defendants' claims.

In the Settlement Agreement pertaining to their original claim in C.A. No. 12851 – VCMR (Del. Chancery) against the Plaintiff here, the government Defendants here and the plaintiffs there agreed that all allegations against the Plaintiff here and the

defendant there were "resolved", but those same parties subsequently re-alleged the same original, libelous allegations against the Plaintiff here, Walker, in their Chancery Court filings after signing the Settlement Agreement agreeing that those same allegations were "resolved," breaking their promise and triggering a plethora of illegality and thusly injuring Walker.

One base of this Claim here is that the State, County and City of Wilmington Defendants' negative actions subsequent to the execution of the Settlement Agreement by all parties directed towards the Plaintiff, constituted violations of the FHA, ADA, and other anti-discrimination statutes, among other laws.

The Defendants may not have believed they were violating laws, but their actions directed against the Plaintiff constituted intimidation, interference and harassment against Plaintiff, an advocate of fair housing, and this is barred by acts of Congress. The Plaintiff was simultaneously harmed by these same actions. This Claim seeks redress of that harm.

The State, County and City of Wilmington Defendants breached their settlement agreement after signing it by attacking the Plaintiff in print with a filing directed to Chancery Court of the State of Delaware.

These attacks covered the same ground that the Defendants had agreed in the Settlement Agreement not to repeat.

The offensive printed material was a document filed with Delaware Chancery Court and served upon of the Plaintiff.

The document libeled the Plaintiff and fell afoul of the FHA, DFHA and ADA by violating the discrimination and interference/intimidation clauses of those Acts because the Plaintiff is still associated with the fair housing movement in Delaware. He is protected by the Acts because of Association.

The remaining non-government Defendants harmed the Plaintiff before the consumer fraud lawsuit was filed against him by the State of Delaware.

They participated in the scheme – along with the government Defendants – to harm the Plaintiff personally and deny housing to minorities. This is the second base of the Plaintiff's claim here.

The compensatory damages the Plaintiff is asking the Court to award him are: $200,000 from each of the non-government Defendants, the value of the mortgage the Plaintiff held on the lost homes, and $100 million each for punitive damages.

For the government Defendants, $1 million each in punitive damages. $1 million each for compensatory damages as Plaintiff, upon being served with new allegations in violation of the Settlement Agreement suffered substance abuse relapse, aggravating a serious diabetes, hepatitis and high blood pressure condition (Medical Exhibit).

Non-government Defendants caused Plaintiff to be unemployable (Exhibit Employment Rejection) as a result of consumer fraud allegations and owe Plaintiff $1million each in compensatory damages.

Defendant Sherry Menchaca lives at 4 Lloyd Place, Wilmington, Delaware 19810 and is employed by the State of Delaware at Concord High School. Menchaca was the Plaintiff's next door neighbor.

After learning that the Plaintiff was housing African American tenants in his home at 2127 Naamans Rd. Wilmington DE, Menchaka filed false reports of safety issues to New Castle County Code Enforcement followed by personal visits to the Plaintiff's address and verbally harassed the African American tenants thereof.

These actions started in 2013 and ended in 2016 (December), when the home was sold at Sherriff's auction by New Castle County.

In conducting her pattern of harassment, intimidation and interference with Plaintiff's African American tenants' rights to fair housing and peaceful enjoyment of Plaintiff's premises, Menchaca violated several sections of the FHA and DFHA.

The Plaintiff's tenants then sued him in J.P. Court 13 for damages and withheld rent all as a result of Menchaka's illegal acts.

Rents lost totaled $42,000 for the two year period ending with the filing date of this Action. The home at 2127 Naamans Rd is valued by Zillow at $310,000 and that was lost also by Menchaca's actions as the Plaintiff was unable to pay his mortgage due to the withheld rent.

Plaintiff's actual direct damages caused by Defendant Menchaka are $352,000, the value of 2127 Naamans Rd.

Defendant Gannet was a knowing and active participant in the 2016 scheme to harm Plaintiff and deny housing to protected minorities in Delaware in violation of the ADA, FHA and DFHA, among other laws broken.

Using email traffic and telephone calls, Gannet employees at the News Journal in Delaware plus the Legal Services Corporation and the Legal Services Defendants coordinated the creation, planning and execution of this scheme that would use as its main tool a consumer fraud lawsuit prosecuted against the Plaintiff by State of Delaware Attorney General employees to silence Plaintiff's speech about housing discrimination in Delaware.

Gannet's role in this scheme was to publish – on the front page of its newspaper and internet site – the account of the lawsuit and humiliate Walker and destroy his reputation and election chances.

Plaintiff was seriously ill at the time of the lawsuit filing, was unable to defend himself, settled the matter and gave the plaintiffs what they wanted: group homes in Wilmington, Delaware that Plaintiff held the mortgage on and was forced by the lawsuit plaintiffs to dissolve to facilitate seizure by those plaintiffs, plus immunity to legal action by Walker for the time period leading up to the signing of the Agreement.

The mortgage those same group homes that was held by Plaintiff Walker was valued at $200,000. Gannet and Legal Services Defendants owe Plaintiff actual, direct damages of $200,000.

The fair housing violations the non-government Defendants are accused here of violating occurred first when the Plaintiff suffered interference, intimidation and retaliation at the hands of the government Defendants due to their consumer fraud lawsuit that the non-government Defendants helped create, and then when actual

displacement and homelessness of protected minorities occurred when the Plaintiff was forced to turn his group homes over to the government defendants to settle their Lawsuit who then evicted those residents without due process or any semblance of fairness.

More thn twenty former residents of those six group homes are ready to testify that they were forced out of those group homes formerly controlled by the Plaintiff by force and without proper notice in 2016-17 – after the signing of the Settlement Agreement and subsequently suffered an extended period of homelessness, deprivation and profound crisis.

More than six witnesses are ready to testify about Defendant Menchaca visiting Plaintiff's home without invitation, haranguing the residents therein verbally and bragging that she regularly, without justification, called and filed complaints against the Plaintiff with Defendant New Castle County in order to stop him from providing housing to minorities at his home at 2127 Naamans Rd. Wilm. DE. In 2011 to 2016.

Just like Defendant Gannett, Defendant Legal Services corporation{LSC), at 100 West 10th St. Wilmington, Delaware owes the Plaintiff a total of $200,000 in direct damages and $100 million in punitive damages for violating the FHA, DFHA and ADA and injuring the Plaintiff and protected minorities in Delaware.

LSC contacted the government Defendants and defendant Gannett throughout 2016 attempting to spread lies about the Plaintiff and harm him personally and destroy his congressional candidacy.

Evidence of LSC's illegal acts that harmed Plaintiff may be found in emails and voice recorded phone calls to Defendant Gannett and some of the government defendants.

## BACKGROUND

Prior to C.A. No. 12851 -VCMR, Plaintiff was a frequent plaintiff against New Castle County, City of Wilmington and Legal Services Corporation in various

State courts, including Supreme Court, obtaining a favorable settlement there against City of New Castle DE.

Plaintiff obtained a favorable settlement against New Castle County in this Court in 2017 on a case filed in 2013 – this settlement a part of the settlement of C.A. No. 12851 – VCMR – Plaintiff Walker being forced to settle the District matter before the government Defendants here would settle their Lawsuit against Plaintiff Walker in Delaware Chancery Court.

Plaintiff frequently heard legal opinions that C.A. 12851 – VCMR was retaliation against him by the City, County and legal Services, a violation of the FHA.

All of Plaintiff's lawsuits against the County, City and Legal Services were based on fair housing and constitutional claims like conspiracy, privacy and due process/equal protection.

Plaintiff ran for Congress starting in April 2016 for that year's election.

In the summer of 2016, the City, County and Legal Services Defendants began phoning and emailing the State Defendants and Defendant Gannett, demanding those parties take negative actions against the Plaintiff because he was running an anti-discrimination campaign and the Plaintiff was fingering them in public as party to various illegal acts and policies.

This conspiracy ripened as the contact between the Defendants increased in frequency; and as the election neared and the State Defendants began visiting Plaintiff's group homes and coerced residents therein to issue negative comments against the Plaintiff against their will according to those same residents.

C.A. No. 12851 – VCMR was filed two weeks before the general election statewide and was a front page story statewide.

The Plaintiff avers that he was unable to defend himself when the Lawsuit was filed because of serious viral infection left him bedridden in November and December of 2016, forcing him to settle C.A. No. 12851 – VCMR and avers today that every allegation in the Lawsuit has no basis in any fact.

The Plaintiff housed men and women of all races and genders with various disabilities – mostly mental and addictions – in single family homes with no treatment provided by the Plaintiff.

The City and County Defendants inspected and fined Plaintiff hundreds of times – Plaintiff operated over 30 homes during a twelve year span – for what some legal experts have called petty violations, as no constructive safety issues could be found in those homes and after housing over 1000 disabled individuals none were ever injured at the homes because of the condition of the homes.

Plaintiff has entered a viable, true claim with this Court herewith and respectfully begs this Court for the Relief so claimed.

Additional Relief requested is that this Court order all the Defendants to comply with State and US discrimination laws and the government Defendants honor the terms of their Settlement Agreement with the Plaintiff.

Russell E. (Scott) Walker, Plaintiff

*Russell E. (Scott) Walker*
302-545-1500      9/4/17

15

244 Rose Drive
Milford, Del.
19963

U.S. Clerk
U.S. District Court
N. King St.
Wilmington, Del. 19801

17-1272